UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EVELYN NICOLE ESPINOZA,

                            Plaintiff,                    **MEMORANDUM &
                                                          ORDER**

            v.                                            24-CV-8046
                                                          (Marutollo, M.J.)
FOUNDRY WORKERS LLC and
RONY GOMES DOS SANTOS,

                            Defendants.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      This diversity action arises out of a rear-end motor vehicle accident that occurred on the

westbound side of the Goethals Bridge in Staten Island, New York, on October 23, 2023.  *See* Dkt.

No. 1-1 ¶ 24.[1]  Plaintiff Evelyn Nicole Espinoza commenced this action against defendants

Foundry Workers LLC ("Foundry") and Rony Gomes Dos Santos ("Dos Santos") (collectively,

"Defendants") alleging that Dos Santos, while acting in the scope of his employment for Foundry,

negligently operated a vehicle that came into contact with a vehicle operated by Plaintiff.  *Id.* ¶¶

24, 25.  Plaintiff seeks to recover damages for her alleged serious injuries pursuant to New York

State's "no-fault" automobile insurance law.  *See* N.Y. Ins. Law § 5102(d); *id.* ¶ 29.

      Plaintiff moves for partial summary judgment on the issue of liability pursuant to Federal

Rule of Civil Procedure 56.  *See* Dkt. No. 19; *see generally* Fed. R. Civ. P. 56.  For the reasons set

forth below, the Court grants Plaintiff's motion.

---

[1] The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a resident of Rockland County, New York.  Dkt. No. 1 ¶ 4.  Defendants are residents of New Jersey.  *Id.* ¶¶ 5-6.  The amount in controversy exceeds $75,000.  Dkt. No. 1 ¶ 10.

## I.    **Background**

The following facts, taken from the parties' Local Civil Rule 56.1 ("Rule 56.1") statements and relevant portions of the record, are undisputed unless otherwise noted.[2]

The motor vehicle accident occurred on October 23, 2023 on the westbound side of the Goethals Bridge in Staten Island, New York. *See* Dkt. No. 24 ¶ 9. At the time of the accident, a vehicle owned by Foundry and operated by Dos Santos came into contact with the rear bumper of a vehicle operated by Plaintiff. *See id*. Dos Santos operated the vehicle "with the express knowledge, consent and/or on the business of" Foundry. *Id.* ¶ 6.

Defendants contend that Dos Santos testified that he was traveling in the left lane of the Goethals Bridge for approximately five minutes before the accident. *See id.* ¶ 10. Dos Santos

---

[2] "Unless otherwise noted, a standalone citation to a party's Local Rule 56.1 statement denotes that the Court has deemed the underlying factual allegation undisputed." *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, No. 12-CV-6383 (PKC) (SIL), 2025 WL 948111, at *1 (E.D.N.Y. Mar. 28, 2025). "Any citation to a party's Local Rule 56.1 statement incorporates by reference the documents cited therein." *Id.* "Where relevant, the Court may cite directly to an underlying document," but "where either party (i) admits or (ii) denies without citing to admissible evidence certain of the facts alleged in the other's 56.1 statement, the Court may deem any such facts undisputed." *Id.* (citing Loc. Civ. R. 56.1(c)-(d); *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881 (TCP), 2012 WL 4498827, at *2 n.2 (E.D.N.Y. Sept. 28, 2012) ("Eastern District Local Rule 56.1 requires . . . that disputed facts be *specifically* controverted by admissible evidence. Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything." (emphasis in original))); *see also Ward v. Nassau Cnty.*, No. 15-CV-4309 (GRB) (LGD), 2023 WL 5417329, at *1 (E.D.N.Y. Aug. 22, 2023) ("Merely denying certain statements in the moving party's statement of undisputed material facts without stating the factual basis for such denial and without disclosing where in the record is the evidence relied upon in making such denial does not constitute a 'separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried'—as is required to controvert the moving party's statement of undisputed material facts.") (citing *Covelli v. Nat'l Fuel Gas Distrib. Corp.*, 2001 WL 1823584, at *1 (W.D.N.Y. Dec. 6, 2001), *aff'd sub nom, Covelli v. Nat'l Gas Distrib. Corp.*, 49 F. App'x 356 (2d Cir. 2002)); *Su v. Top Notch Home Designs Corp.*, No. 20-CV-5087 (GRB) (JMW), 2023 WL 8878553, at *3 (E.D.N.Y. Dec. 22, 2023) (same). Where "the record does not support the assertions in a 56.1 statement, those assertions should be disregarded, and the record viewed independently" because "a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001); *Cemetery Workers Supplemental Pension Fund by Alladeen v. Lutheran All Faiths Cemetery*, No. 19-CV-6897 (RPK) (RML), 2021 WL 7908022, at *1 (E.D.N.Y. Sept. 9, 2021) (citation and quotation marks omitted) ("Where [] a party opposing summary judgment fails to properly controvert a movant's statement of material fact, such statement will be deemed admitted for the purposes of the motion.").

estimates that "five or ten seconds elapsed from the time he first saw [Plaintiff's] vehicle until the collision." *Id.* ¶ 11. Plaintiff's vehicle was at a stop before Defendants' vehicle came into contact with the rear bumper of Plaintiff's vehicle. *Id.* ¶ 12.

## II.  **Procedural History**

Plaintiff filed the Complaint against Defendants on September 18, 2024 in the Supreme Court of the State of New York, Queens County. *See generally* Dkt. No. 1-1. Defendants filed an answer in which they denied all liability for the accident and asserted affirmative defenses, including a defense of comparative negligence. *See id.* at 11-15.[3] On November 19, 2024, Defendants removed the action to this court on diversity jurisdiction grounds. *See* Dkt. No. 1.[4]

On December 20, 2024, the parties consented to magistrate judge jurisdiction for all proceedings in this action. *See* Dkt. Nos. 7, 9.

Discovery closed on April 21, 2025. *See* Text Order dated April 21, 2025. On June 18, 2025, Plaintiff moved for partial summary judgment on the issue of liability. *See* Dkt. Nos. 17-20. Defendants filed their opposition to Plaintiff's motion on July 11, 2025. *See* Dkt. Nos. 22-24. Plaintiff filed her reply on July 15, 2025. *See* Dkt. No. 25.

---

[3] Page citations are to the ECF-stamped pages unless otherwise noted.

[4] The parties have not addressed whether the Eastern District of New York is a proper venue for this action. Under 28 U.S.C. § 1391(b), "a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." "Unlike subject-matter jurisdiction, the right to attack venue is personal to the parties and waivable at will." *SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.*, No. 18-CV-8408 (VEC) (BCM), 2020 WL 6323938, at *7 (S.D.N.Y. July 30, 2020) (cleaned up), *report and recommendation adopted*, 2020 WL 5253515 (S.D.N.Y. Sept. 3, 2020); *see also* Fed. R. Civ. P. 12(h)(1) (defense of improper venue is waived if not raised in a responsive pleading or a Rule 12 motion). Here, by not objecting to venue in the Eastern District of New York, the parties have waived any objections to the appropriateness of venue in this district. *See SSI (Beijing) Co. Ltd.*, 2020 WL 6323938, at *7 (holding that the parties waived any objections to the appropriateness of venue by not raising any objection to venue).

III.    **Legal Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).  "There is 'no genuine dispute as to any material fact' where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material)."  *Lange v. Dep't of Educ.*, No. 17-CV-3443, 2018 WL 4636986, at *2 (S.D.N.Y. Sept. 26, 2018) (Sullivan, J.) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a fact is genuinely disputed, the Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments."  *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996); *Sutera v. Schering Corp.*, 73 F.3d 13, 16 (2d Cir. 1995) (explaining that a court's responsibility in assessing the merits of a summary judgment motion is not to try issues of fact, but merely to "determine whether there *are* issues of fact to be tried.") (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 244

4

(2d Cir. 1984)).

Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). Neither "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), nor a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are sufficient to establish a genuine dispute of material fact.

"A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor." *Zenith Radio Corp.*, 475 U.S. at 587; *see Anderson*, 477 U.S. at 251. "In other words, '[t]he litigant opposing summary judgment . . . may not rest upon mere conclusory allegations or denials as a vehicle for obtaining a trial.'" *Jimenez v. City of New York*, No. 21-CV-6133 (RPK) (JRC), 2024 WL 198319, at *4 (E.D.N.Y. Jan. 18, 2024) (quoting *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d. Cir. 1980)).

**IV.    <u>Discussion</u>**

Where jurisdiction is based upon diversity, the court must apply the substantive law of the forum state. *See Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994). Because this is a diversity action asserting a negligence claim in the Eastern District of New York, New York state law applies. *Id.*; *but cf. MasterCard Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 604 (S.D.N.Y. 2016) (stating that although a "federal court sit[ting] in diversity[] generally applies the law of the state in which it sits," this includes that state's choice-of-law principles, which in New York "dictate that the law of the jurisdiction 'with the most significant interest in, or relationship

to, the dispute' applies." (quoting *White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 284 (2d Cir. 2006))).

Under New York law, a torts plaintiff "seeking to prove a defendant's negligence must show "(1) the existence of a duty []; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023) (citing *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 330 (E.D.N.Y. 1998) (To establish negligence under New York law, a plaintiff must show that: "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of the breach.") (citing *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)).  "The symmetry is clear: absent a duty, there is no breach and, without a breach, there is no liability." *Vogel v. W. Mountain Corp.*, 470 N.Y.S.2d 475, 476 (1983) ("[W]hether a duty exists presents a question of law to be determined by the court based upon the facts and circumstances of the case.").  A "defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury." *Dooley*, 83 F.4th at 162 (citing *Mazella v. Beals*, 27 N.Y.3d 694, 706 (2016)) (internal quotation marks omitted).

In New York, the Vehicle and Traffic Law ("VTL") defines the duties of motorists, and "[a] violation of the [VTL] constitutes negligence as a matter of law." *Dooley*, 83 F.4th at 163 (citing *Desio v. Cerebral Palsy Transp., Inc.*, 121 A.D.3d 1033, 1034 (2d Dep't 2014)).  New York law "impose[s] a duty upon drivers to operate their vehicles with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic and other conditions." *Vaselli v. United States*, No. 12-CV-06221 (JFB) (AKT), 2014 WL 4961421, at *5 (E.D.N.Y. Oct. 3, 2014) (quoting *Goldstein v. United States*, 9 F. Supp. 2d 175, 186 (E.D.N.Y.1998)).  "This

longstanding duty requires drivers to maintain a reasonably safe rate of speed, have the automobile under reasonable control, to keep a proper lookout under the circumstances then existing to see and be aware of what was in their view, and to use reasonable care under the circumstances to avoid an accident." *Id.* (quoting *Goldstein*, 9 F. Supp. 2d at 186).

"[W]hen a defendant violates a statute that defines the degree of care to be used under certain circumstances, the violation constitutes negligence *per se* if (1) it causes the injury, (2) the plaintiff is a member of the class intended to be benefited by the statute, and (3) the statute is intended to protect against the very hazard that caused the plaintiff's injury." *Id.* (quoting *Mauro v. Costco Wholesale Corp.*, No. 09-CV-1391 (VVP), 2013 WL 3816731, at *4 (E.D.N.Y. July 22, 2013)). VTL § 1128(a) states that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." N.Y. Veh. & Traf. Law § 1128(a). VTL § 1163(a), in turn, prohibits a driver from "mov[ing] [a vehicle] right or left upon a roadway unless and until such movement can be made with reasonable safety." N.Y. Veh. & Traf. Law § 1163(a). Together, these provisions impose a duty upon drivers to operate their vehicles "within a designated lane, to signal prior to changing lanes or turning, and to change lanes or turn only when it is safe to do so . . . and to see that which [he] should have seen by the proper use of [his] senses." *Guerrero v. Loiacono*, 688 F. Supp. 3d 50, 59-60 (E.D.N.Y. 2023) (internal quotations and citations omitted). Establishing that a defendant violated one of the "rules of conduct" established by the VTL is sufficient to establish a presumption that he was behaving negligently, and the burden of proof shifts away from the plaintiff. *See Vaselli*, 2014 WL 4961421, at *4 ("[A] violation of the VTL constitutes negligence *per se*.") (quoting *Lee v. Charles*, 986 F.Supp.2d 277, 279 (S.D.N.Y. 2013) (collecting cases)).

### A.      The Rear-End Collision

"New York courts have long recognized that '[a] rear[-]end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle.'" *Turansky-Frances v. United States*, No. 17-CV-2548 (JS) (ARL), 2022 WL 991979, at *8 (E.D.N.Y. Mar. 31, 2022) (quoting *Comba v. United States*, 535 F. Supp. 3d 97, 105 (E.D.N.Y. 2021)).  The defendant must provide "a non-negligent explanation of the collision in order to overcome the inference of negligence and defeat the motion for summary judgment" to escape liability in such a case.  *Id.* (quoting *Luizzi v. Pro Transp. Inc.*, No. 02-CV-5388, 2009 WL 252076, at *4 (E.D.N.Y. Feb. 2, 2009)).  "Accepted examples of 'non-negligent explanations' include mechanical failure of the rearmost vehicle, a sudden stop of the lead vehicle, and unavoidable skidding on wet pavement."  *Id.* (citing *Comba*, 535 F. Supp. 3d at 106).

Here, the parties do not dispute that Plaintiff's vehicle was at a stop before Defendants' vehicle came into contact with the rear bumper of Plaintiff's vehicle.  Dkt. No. 24 ¶ 12.  "This fact in and of itself establishes a *prima facie* case of negligence."  *Turansky-Frances*, 2022 WL 991979, at *8 ("Regardless of whether the accident occurred while Plaintiff was at the stop sign or while she was in the middle of the intersection, the parties' testimony is clear that Plaintiff's vehicle was at a stop at the time of the collision").

Having thus established a *prima facie* presumption of negligence, Defendants do not meet their burden of establishing a non-negligent explanation of the collision to overcome the inference of negligence and defeat the motion for summary judgment.  The parties do not dispute that Dos Santos estimates that "five or ten seconds elapsed from the time he first saw [Plaintiff's] vehicle until the collision."  Dkt. No. 24 ¶ 11.  Rather than point to a non-negligent explanation for Dos Santos's rear-end collision, Defendants argue that a jury needs to apply VTL §1163(c), which

provides that "[n]o person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." *See* Dkt. No. 23 at 10 (quoting N.Y. Veh. & Traf. Law § 1163(c)). Defendants also raise questions about "when and how long [] Plaintiff [was] in the left lane before the accident," as well as whether Plaintiff was "there the entire time or had [] moved to the left lane and stopped in the seconds before the impact." *Id*.

But Defendants' argument misses the mark. These assertions—without more—do not create a material issue of fact. Indeed, the Court's job is not to salvage a party's claim by attempting to insert purported facts that have otherwise been omitted from that party's Local Civil Rule 56.1 Statement. *See Genova v. County of Nassau*, No. 17-CV-4959 (SJF) (AYS), 2020 WL 813160, at *4 (E.D.N.Y. Feb. 19, 2020) ("[I]t is not the role of the Court to search the summary judgment record for evidence supporting a nonmovant's opposition."); *Reyes v. United States*, No. 19-CV-5325 (KHP), 2021 WL 1639370, at *4 (S.D.N.Y. Apr. 26, 2021) ("Conclusory assertions that [the party's] negligence was the sole or contributory cause of the accident are insufficient to avoid summary judgment."). Defendants fail to point to any evidence in the summary judgment record—either in the Local Civil Rule 56.1 Statement or otherwise—to suggest that Plaintiff abruptly changed speeds, thereby causing an accident. *See generally* Dkt. No. 24.

Ultimately, while "a driver . . . has the duty 'not to stop suddenly or slow down without proper signaling so as to avoid a collision,'" *Chepel v. Meyers*, 762 N.Y.S.2d 95, 97 (2d Dep't 2003) (quoting *Purcell v. Axelsen*, 729 N.Y.S.2d 495, 496 (2d Dep't 2001)), "[i]t is well established that when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and

9

to exercise reasonable care to avoid colliding with the other vehicle." *Id.*[5]  Because a "violation

of a State statute that imposes a specific duty constitutes negligence *per se*," *Elliott v. City of New

York*, 747 N.E.2d 760, 762 (N.Y. 2001), and Defendants fail to provide a non-negligent

explanation, the Court concludes that Dos Santos is "liable beyond genuine dispute and as a matter

of law." *Daane v. Ryder Truck Rental, Inc.*, No. 18-CV-10489 (JPO), 2022 WL 392906, at *4

(S.D.N.Y. Feb. 9, 2022).

As there are no genuine disputes as to the material facts surrounding the accident, Plaintiff

is entitled to partial summary judgment on liability.

### B.    Foundry's Liability

Plaintiff argues that Foundry is liable for damages resulting from Dos Santos's negligence

pursuant to VTL § 388 and *respondeat superior*.  Dkt. No. 19 at 11.  Defendants do not appear to

oppose Plaintiff's argument that, if Dos Santos is found liable, Foundry should be found liable as

well.  "[W]here a party refers to an issue in only a perfunctory manner, unaccompanied by any

effort at developed argumentation, it must be deemed waived—or, more precisely, forfeited."

*O'Sullivan v. PHH Mortg. Corp.*, No. 22-CV-4420 (NJC) (ARL), 2025 WL 1835926, at *16

(E.D.N.Y. July 3, 2025) (citing *In re Demetriades*, 58 F.4th 37, 54 (2d Cir. 2023)); *Tolbert v.

Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to

in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

[waived or forfeited].") (internal quotation marks omitted); *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d

Cir. 2004) (considering an argument "waived" because the plaintiff failed to "raise this argument

---

[5] Plaintiff cites to photographs of the vehicles after the collision to show that there was only "mild property
damage to the left rear of [] Plaintiff's [] vehicle."  Dkt. No. 23 at 9.  But those photographs are relevant
only for purposes of the potential damages in this action.  The photographs have no bearing on any material
issue of fact related to liability, at least based on the evidence presented at summary judgment.

in his opposition to summary judgement"). Defendants have therefore forfeited any arguments relating to Foundry's liability.

Nonetheless, even if Defendants had not waived their opportunity to raise an argument against the initial presumption of negligence, Plaintiff has established that Foundry is liable for Dos Santos's negligence. Under VTL § 388, "a car owner is liable for an accident caused by the negligence of a permissive operator even if the owner himself or herself was not negligent." *Williams v. Nik-Net LLC*, No. 12-CV-3310 (PKC) (RML), 2016 WL 11269180, at *3 (E.D.N.Y. Jan. 7, 2016) (citing N.Y. Veh. & Traf. Law § 388(1)); *Mowczan v. Bacon*, 703 N.E.2d 242, 243 (N.Y. 1998) (under VTL § 388, "the negligence of the user or operator of a motor vehicle is imputed to the owner"). Pursuant to VTL § 388, both the owner (Foundry) and operator of the vehicle (Dos Santos) are liable for injuries resulting from Dos Santos's negligence, given that Dos Santos had Foundry's permission to operate the vehicle at the time of the accident. *See Krynski v. Chase*, 707 F. Supp. 2d 318, 329 (E.D.N.Y. 2009) ("According to § 388, both the owner and operator of a vehicle are liable for injuries resulting from the negligence of the operator when the operator has the owner's permission to operate the vehicle."); *see generally* N.Y. Veh. & Traf. Law § 388(1). The doctrine of *respondeat superior* establishes even more firmly Foundry's liability for damages caused by Dos Santos's negligence. *See, e.g.*, *McDuffie v. Wilner,* 415 F. Supp. 2d 412, 419 (S.D.N.Y. 2006) (holding an employer liable for a car accident caused by employee negligence). "The doctrine of *respondeat superior* renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment." *Kelly v. Starr*, 181 A.D.3d 799, 801 (2nd Dep't 2020).

11

## V.    <u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's motion for partial summary judgment on liability is granted.

Dated:    Brooklyn, New York                    **SO ORDERED.**
          July 25, 2025

                                                 ___/s/ Joseph A. Marutollo___
                                                 JOSEPH A. MARUTOLLO
                                                 United States Magistrate Judge